NEW ORLEANS MOBILE & CHICAGO RAILROAD COMPANY *v.* GASSOWAY ET AL.

[71 South. 806.]

RAILROADS.  *Accident.  Sufficiency of evidence.  Proximate cause of injury.*

Where in a suit for death by being struck by a switch engine the evidence at most shows that possibly the deceased's runaway horse scraped his buggy wheel against a very slowly moving switch engine and the defendant company shows that at the time of the injury its servants were using every precaution, obeying every law and exercising the utmost vigilance in the operation of the locomotive, a peremptory instruction for defendant should have been given.

APPEAL from the circuit court of Union county.
HON. H. K. MAHON, Judge.

Suit by Mary Gassoway and others against the New Orleans, Mobile & Chicago Railroad Company.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Brown, Chambers & Cooper,* for appellant.

*Stephens & Kenneday,* for appellees.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Union county. The plaintiffs in this suit, the next of kin of Dr. Gassoway, who died in New Albany, Miss., probably as the result of certain injuries received by him a few days before his death, recovered judgment for twenty thousand dollars against the New Orleans, Mobile & Chicago Railroad Company, defendants in the court below and appellants here.

Dr. Gassoway was a gentleman of about seventy-four years of age, but was in the active practice of his profession—that of a physician. On the occasion of his injury, he had been out in his buggy making a professional call, and, while returning to the town of New Albany, his horse ran away. This occurred about eleven o'clock at night. The railroad of the defendant is in the heart of the business district of New Albany, and it was the custom at about the hour of eleven o'clock at night, the time when this accident occurred, for the night crew on the switch engine used in the company's yards at New Albany to take a lunch at a small restaurant near the railroad on a street crossing the railroad called "Mill street." And on this occasion, while the crew of the switch engine were backing the engine to some point near the restaurant mentioned, the runaway horse which Dr. Gassoway was driving ran directly in front of the defendant company's switch engine above mentioned. It was contended by the plaintiffs in the court below that the switch engine struck the buggy, and that Dr. Gassoway, himself, was either struck by the engine or the engine caused the buggy in which he was riding to be turned over, and that he thereby received his injuries. At any rate, it was plaintiff's theory that Dr. Gassoway received the injuries from which he died through the negligent operation of the defendant railroad company's engine.

There is circumstantial evidence in the record tending to show that a wheel of the buggy was struck by the

train; there were marks on one of the wheels which indicated that it had been struck by the switch engine. However, very little damage was done to the wheel itself. There was also paint found on the drawhead of the engine, of the same color as the paint on the buggy wheel; and there was evidence, too, that the buggy wheel had skidded or scraped on the ground in front of the engine a distance of about eight inches. The positive testimony, however, of the eyewitnesses, is to the effect that the buggy was not even touched by the switch engine. There is evidence, also, that the shoulder of Dr. Gassoway on his side nearest the engine was injured. But there is abundant evidence that the buggy in which he was riding turned over some distance across the railroad tracks, and that he was thrown under this buggy; and it is certainly more probable that this injury was occasioned by the buggy turning over with him than from the switch engine.

The uncontradicted proof shows that the engine of the defendant company was running very slowly; the bell was being rung; a man was on the back end of the engine, which was backing up; and that the servants of the railroad company stopped the engine within a very short distance and very promptly after the danger of the accident was called to their attention. In fact, the testimony shows that the engineer stopped on a signal from a fellow employee before he knew or realized why he was signaled to stop.

Even if the circumstantial evidence in the case warrants the belief that the buggy was struck by the train, yet there is no evidence that the striking of the buggy by the train had anything to do with the buggy turning over. The horse was running away, and the proof shows conclusively that the road was in such a condition that a buggy drawn by a runaway horse would, in all probability, be turned over at the very place this buggy turned over.

Something is said in argument and in the briefs of the appellee about the buggy seat being found on the embankment of the railroad; but the evidence in the record shows that this seat was found, though on the embankment, about twenty feet from the track; and the eye-witnesses testify that the buggy was standing up after the track was crossed.

There is no satisfactory evidence in this case that Dr. Gassoway was injured by the running of the train. At the most, the evidence shows that, possibly Dr. Gassoway's runaway horse scraped the buggy wheel against a very slowly moving switch engine.

In addition to this, the railroad company has shown that at the time of the injury its servants were using every precaution, obeying every law, and exercising the utmost vigilance in the operation of the locomotive.

There is absolutely no evidence, circumstantial or otherwise, to justify the verdict of the jury in this case. The peremptory instruction requested by the defendant should have been granted. The cause is therefore reversed, and the suit dismissed.

*Reversed and dismissed.*